**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KENT J. RODRIGUEZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGANSKY, and ELI BAKER,<br><br>Defendants. | Case No.: 1:21-cv-05739-PE<br><br>Hon. Paul Engelmayer |
| MICHIEL TEN HOORN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGANSKY, and ELI BAKER,<br><br>Defendants. | Case No.: 1:21-cv-06497-PE<br><br>Hon. Paul Engelmayer |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT MENDOZA'S**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD**
**PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND.................................................................................................. 2

II.     PROCEDURAL HISTORY................................................................................................. 3

III.    ARGUMENT ..................................................................................................................... 4

    A.   Consolidation of the Actions Is Appropriate ...................................................... 4

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ........................................ 5

        1.   Movant Filed a Timely Motion. ................................................................ 6

        2.   Movant Has the Largest Financial Interest in the Relief Sought. ............... 7

        3.   Movant Satisfies the Relevant Requirements of Rule 23........................... 7

            a.   Movant's Claims Are Typical.............................................................. 8

            b.   Movant Is An Adequate Representative. .............................................. 9

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. .................................. 10

IV.     CONCLUSION.................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
    324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................ 6, 7

*In re Cendant Corp.*,
    264 F.3d 201 (3d Cir. 2001)............................................................................... 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
    269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................... 9

*Ferrari v. Impath, Inc.,*
    2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ..................................... 4

*Ford v. VOXX Int'l Corp.,*
    No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015).............. 8

*In re Gentiva Sec. Litig.,*
    281 F.R.D. 108 (E.D.N.Y. 2012)......................................................................... 8

*In re Hebron Tech. Co. Sec. Litig.,*
    C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)........................................................................... 4, 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
    No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................... 8

*Martingano v. Am. Int'l Grp., Inc.,*
    Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 4

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 9

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ......................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23 ............................................................................................... *passim*

Robert Mendoza ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned related actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons and entities other than Defendants that purchased or otherwise acquired DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp. ("DEAC", "DraftKings", or the "Company") securities between December 23, 2019 and June 15, 2021, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, against Defendants DraftKings, Jason D. Robins ("Robins"), Jason K. Park ("Park"), Jeff Sagansky ("Sagansky"), and Eli Baker ("Baker") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi

& Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

DraftKings operates as a digital sports entertainment and gaming company in the U.S. ¶ 2. It operates through two segments, Business-to-Business and Business-to-Consumer. *Id.* The Company provides users with sports betting, daily sports, and iGaming opportunities. *Id.* It is also involved in the design, development, and licensing of sports betting and casino gaming platform software for online and retail sportsbook, and casino gaming products. *Id.* DraftKings distributes its product offerings through various channels, including direct app downloads, traditional websites, and direct-to-consumer digital platforms. *Id.*

DraftKings, a wholly owned subsidiary of its legal predecessor, DEAC, a special purpose acquisition company, or SPAC, was incorporated in Nevada as DEAC NV Merger Corp. ¶ 3. DEAC consummated transactions on April 23, 2020 contemplated by a Business Combination Agreement (the "Business Combination") dated December 22, 2019, as amended on April 7, 2020, and, in connection therewith, (i) DEAC merged with and into the Company, whereby the Company survived the merger and became the successor issuer to DEAC, (ii) the Company changed its name to "DraftKings Inc.," (iii) the Company acquired DraftKings Inc., a Delaware corporation ("Old DK"), by way of a merger, and (iv) the Company acquired all of the issued and outstanding share capital of SBTech (Global) Limited ("SBTech"). *Id.* Old DK and SBTech became wholly owned

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Rodriguez* Complaint") filed in the action styled *Rodriguez v. DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp., et. al.,* Case No. 1:21-cv-05739-PE (the "*Rodriguez* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Rodriguez* Complaint. The facts set forth in the *Rodriguez* Complaint are incorporated herein by reference.

subsidiaries of the Company upon consummation of the preceding transactions. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) SBTech had a history of unlawful operations; (ii) accordingly, DraftKings' merger with SBTech exposed the Company to dealings in black-market gaming; (iii) the foregoing increased the Company's regulatory and criminal risks with respect to these transactions; (iv) as a result of all the foregoing, the Company's revenues were, in part, derived from unlawful conduct and thus unsustainable; (v) accordingly, the benefits of the Business Combination were overstated; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

Hindenburg Research ("Hindenburg") published a report on June 15, 2021 addressing DraftKings, alleging that the Company's merger with SBTech exposed DraftKings to dealings in black-market gaming. ¶ 5. Hindenburg alleged that "SBTech has a long and ongoing record of operating in black markets," estimating that 50% of SBTech's revenue is from markets where gambling is banned," citing "conversations with multiple former employees, a review of SEC and international filings, and inspection of back-end infrastructure at illicit international gaming websites." *Id.*

Following publication of the Hindenburg report, DraftKings' stock price declined 4.17%, or $2.11 per share, to close on June 15, 2021 at $48.51 per share. ¶ 6.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Rodriguez* Action against the Defendants. Plaintiff Kent J. Rodriguez ("Rodriguez") commenced the first-filed action on July 2, 2021. On that same day, counsel acting on Rodriguez's behalf published a notice on *Globe Newswire*

3

announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins Decl.").

On July 30, 2021, a substantially similar action was filed against DraftKings in this Court, entitled *Hoorn v. DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp., et al.,* Case No. 1:21-cv-06497-PE (S.D.N.Y.) (the "*Hoorn* Action"). Movant has requested consolidation of the *Rodriguez* and *Hoorn* Actions.

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are

4

common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.      Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $33,560.77 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On July 2, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Rodriguez* published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of DraftKings securities that they had 60 days from the publication of the July 2, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Hopkins Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the July 2, 2021 Press Release and submitted herewith a sworn certification attaching his transactions in DraftKings securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Hopkins Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.   Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired DraftKings securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $33,560.77. *See* Hopkins Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.   Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule

23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a)

generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule

23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v.*

*VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr.

13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies

Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from

the same event, practice, or course of conduct that gives rise to other class members' claims, and

lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg.*

*Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not

require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members

of the Class, Movant alleges that Defendants' material misstatements and omissions concerning

DraftKings' business, operational and financial results violated the federal securities laws.

Movant, like all members of the Class, purchased or otherwise acquired DraftKings securities

during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No.

10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Hopkins Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for ten years. He resides in Los Angeles, California, and possess a master's degree. Movant is currently employed as a project manager with New Mark Merrill Companies. Further, Movant has experience overseeing attorneys, as he has hired attorneys for real estate, business, and estate planning matters. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Hopkins Decl., Ex. D, Movant's Declaration in support of his motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: August 31, 2021                               Respectfully Submitted,

                                                     **LEVI & KORSINSKY, LLP**

                                                     By: */s/ Shannon L. Hopkins*
                                                     Shannon L. Hopkins (SH-1887)
                                                     55 Broadway, 10th Floor
                                                     New York, NY 10006
                                                     Tel: (212) 363-7500
                                                     Fax: (212) 363-7171
                                                     Email: shopkins@zlk.com

                                                     *Lead Counsel for Robert Mendoza and*
                                                     *[Proposed] Lead Counsel for the Class*

11