**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KENT J. RODRIGUEZ, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-05739-PAE |
| Plaintiff, | |
| v. | |
| DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGANSKY, and ELI BAKER, | |
| Defendants. | |
| MICHIEL TEN HOORN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-06497-PAE |
| Plaintiff, | |
| v. | |
| DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGANSKY, and ELI BAKER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MARIO E. ERNST'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Mario E. Ernst ("Ernst") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Ernst as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Ernst's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities other than Defendants that purchased or otherwise acquired DraftKings Inc. ("DraftKings" or the "Company") securities between December 23, 2019 and June 15, 2021, both dates inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the the "most adequate plaintiff."

Ernst believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Ernst satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Ernst respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

1

Additionally, Ernst's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

DraftKings operates as a digital sports entertainment and gaming company in the U.S. The Company provides users with daily sports, sports betting, and iGaming opportunities. It is also involved in the design, development, and licensing of sports betting and casino gaming platform software for online and retail sportsbook, and casino gaming products.

DraftKings was incorporated in Nevada as DEAC NV Merger Corp., a wholly owned subsidiary of its legal predecessor, DEAC, a special purpose acquisition company, or "SPAC." On April 23, 2020, DEAC consummated transactions contemplated by a Business Combination Agreement (the "Business Combination") dated December 22, 2019, as amended on April 7, 2020, and, in connection therewith, (i) DEAC merged with and into the Company, whereby the Company survived the merger and became the successor issuer to DEAC, (ii) the Company changed its name to "DraftKings Inc.," (iii) the Company acquired DraftKings Inc., a Delaware corporation ("Old DK"), by way of a merger, and (iv) the Company acquired all of the issued and outstanding share capital of SBTech (Global) Limited ("SBTech"). Upon consummation of the preceding transactions, Old DK and SBTech became wholly owned subsidiaries of the Company.

On June 15, 2021, Hindenburg Research ("Hindenburg") published a report alleging that DraftKing's merger with SBTech exposed DraftKings to dealings in black-market gaming. Citing "conversations with multiple former employees, a review of SEC and international filings,

---

[1] This section is adapted from the complaints in the above-captioned actions.

and inspection of back-end infrastructure at illicit international gaming websites," Hindenburg alleged that "SBTech has a long and ongoing record of operating in black markets," estimating that 50% of SBTech's revenue is from markets where gambling is banned."

On this news DraftKings' stock price fell $2.11 per share, or 4.17%, to close at $48.51 per share on June 15, 2021.

The Complaints filed in the above-captioned actions allege that throughout the Class Period the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies by failing to disclose that: (i) SBTech had a history of unlawful operations; (ii) accordingly, DraftKings' merger with SBTech exposed the Company to dealings in black-market gaming; (iii) the foregoing increased the Company's regulatory and criminal risks with respect to these transactions; (iv) as a result of all the foregoing, the Company's revenues were, in part, derived from unlawful conduct and thus unsustainable; (v) accordingly, the benefits of the Business Combination were overstated; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the class members have suffered significant losses and damages.

## III.   PROCEDURAL BACKGROUND

On July 2, 2021, Plaintiff Kent J. Rodriguez commenced a securities fraud class action lawsuit against DraftKings and certain of its executive officers, captioned *Rodriguez v. Draftkings Inc. et al*, Case No. 1:21-cv-05739 (the "*Rodriguez* Action"). It is brought on behalf of investors that purchased or otherwise acquired securities of DraftKings during the Class Period.

3

On July 30, 2021, Plaintiff Michiel Ten Hoorn filed a substantially similar lawsuit, captioned *Hoorn v. Draftkings Inc. f/k/a Diamond Eagle Acquisition Corp. et al*, Case No. 1:21-cv-06497 (the "*Hoorn* Action," and together with the *Rodriguez* Action, the "Related Actions"). It is also brought on behalf of investors that purchased or otherwise acquired securities of DraftKings during the Class Period.

## IV.    ARGUMENT

### A.    The Related Actions Should be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.    Ernst Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

4

Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most

capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead

plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the

presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Ernst satisfies all of the PSLRA criteria and has complied with all of

the PSLRA's requirements for appointment as lead plaintiff. Ernst has, to the best of his

knowledge, the largest financial interest in this litigation and meets the relevant requirements of

Federal Rule of Civil Procedure 23. In addition, Ernst is not aware of any unique defenses

Defendants could raise against him that would render him inadequate to represent the class.

Accordingly, Ernst respectfully submits that he should be appointed lead plaintiff. *See Varghese

v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Ernst Filed a Timely Motion

Ernst has made a timely motion in response to a PSLRA early notice. On July 2, 2021,

pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this

action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Ernst had sixty days (*i.e.*, until August 31, 2021) to file a motion to be appointed as lead plaintiff. As a purchaser of DraftKings securities during the Class Period, Ernst is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Ernst attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Ernst satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Ernst Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Ernst believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Ernst purchased DraftKings securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Ernst is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Ernst believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Ernst Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a)    Ernst's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Ernst's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Ernst alleges that Defendants' material misstatements and

omissions concerning DraftKings's business, operations, and financial prospects violated the federal securities laws. Ernst, like all members of the class, purchased DraftKings securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Ernst's interests and claims are "typical" of the interests and claims of the class.

### b)    Ernst Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Ernst has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Ernst is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Ernst is adequate to represent the class.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Ernst has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be

8

assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.      CONCLUSION

For the foregoing reasons, Mario E. Ernst respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Ernst as Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: August 31, 2021                    **GLANCY PRONGAY & MURRAY LLP**

By:  _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Mario E. Ernst and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On August 31, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh