UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT J. RODRIGUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGASKY, and ELI BAKER,<br><br>     Defendants. | Case No. 1:21-cv-005739-PAE<br><br>CLASS ACTION |
| MICHIEL TEN HOORN, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGASKY, and ELI BAKER,<br><br>     Defendants. | Case No. 1:21-cv-06497 |

**[PROPOSED] ORDER GRANTING MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF TIM KAINTZ AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

WHEREAS, in accordance with the provisions of Section 21D(a)(3)(A)(i) of the Securities Exchange Act (the "Exchange Act"), on July 2, 2021, notice of the Lead Plaintiff deadline was published in a widely circulated national business-oriented wire service, advising Class members of the pendency of the class action, the claims asserted therein, the purported Class Period, and their right to move this Court to be appointed Lead Plaintiff;

WHEREAS, pursuant to Section 21D of the Exchange Act, any purported Class member desiring to be appointed Lead Plaintiff was required to have filed a motion for such appointment no later than Tuesday, August 31, 2021;

WHEREAS, movant Tim Kaintz ("Movant") has timely filed a motion for appointment as Lead Plaintiff;

WHEREAS, Movant otherwise satisfies the requirements of Section 21D of the Exchange Act and Rule 23 of the Federal Rules of Civil Procedure; and

WHEREAS, in accordance with Section 21D(a)(3)(B)(v) of the Exchange Act, Movant seeks approval of its selection of counsel, Roche Freedman LLP ("Roche Freedman"), to serve as Lead Counsel for the Class.

AND NOW THIS _____ day of _____ 2021, the Court having considered Movant's Motion for: (1) Consolidation of the Related Actions; (2) Appointment as Lead Plaintiff; and (3) Approval of his Selection of Lead Counsel, and all supporting documents, and good cause appearing therefore, the Motion is hereby **GRANTED.**

**IT IS HEREBY ORDERED THAT:**

1.      Pursuant to Fed. R. Civ. 42(a), *Kent J. Rodriguez v. DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp., et. al.,* No. 1:21-cv-005739-PAE (S.D.N.Y.), and *Michiel Ten Hoorn v. DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp., et. al.*, No. 2:21-cv-06497 (S.D.N.Y.) are

1

consolidated as:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re DRAFTKINGS INC., SECURITIES LITIGATION | Master File No. 1:21-cv-005739<br><br>CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | |

       a.     The file in Case No. 1:21-cv-005739 shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the other actions. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the action, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action;

       b.     All securities class actions on behalf of purchasers of DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp. securities subsequently filed in, or transferred to, this District shall be consolidated into this Action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the action is consolidated into this action; and

       c.     This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

2

2.      Pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), Movant is appointed as Lead Plaintiff for the Class in the Consolidated Action.

3.      Pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), the Court approves Movant's selected and retained counsel, Roche Freedman, to serve as Lead Counsel in the Consolidated Action.

4.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a.      to coordinate the briefing and argument of any and all motions;

b.      to coordinate the conduct of any and all discovery proceedings;

c.      to coordinate the examination of any and all witnesses in depositions;

d.      to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e.      to coordinate all settlement negotiations with counsel for defendants;

f.      to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

g.      to coordinate the preparation and filings of all pleadings; and

h.      to supervise all other matters concerning this litigation.

5.      Lead Counsel shall have authority to speak for Lead Plaintiff in matters regarding pre-trial and trial procedure and settlement negotiations and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. No settlement negotiations shall be conducted without the approval of Lead Counsel.

6.      Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of Lead Plaintiff and for the dissemination of Court orders and notices. No motion, request for discovery or other pretrial proceedings shall be initiated or filed by Lead Plaintiff except through Lead Counsel.

7.      Lead Counsel shall be the contact between the class and defendants' counsel and shall serve as spokespersons for the class. Lead Counsel shall act as the liaison between the Court and the class.

8.      Defendants' counsel may rely upon all agreements made with Lead Counsel or other duly authorized representatives of Lead Plaintiff, and such agreements shall be binding on Lead Plaintiff.

**IT IS SO ORDERED.**

Dated: _____ 2021                    _____
                                                                          The Honorable Paul A. Engelmayer
                                                                          United States District Judge

4