UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT J. RODRIGUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br>  v.<br><br>DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGASKY, and ELI BAKER,<br><br>       Defendants. | Case No. 1:21-cv-005739-PAE<br><br><u>CLASS ACTION</u> |
| MICHIEL TEN HOORN, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br>  v.<br><br>DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGASKY, and ELI BAKER,<br><br>       Defendants. | Case No. 1:21-cv-06497-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF TIM KAINTZ AS LEAD PLAINTIFF, <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................ii

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. STATEMENT OF ISSUES TO BE DECIDED .................................................................. 2

III. FACTUAL BACKGROUND............................................................................................... 3

IV. ARGUMENT........................................................................................................................ 4

    A. The Related Actions should be consolidated. ............................................................. 4

    B. The Court should appoint Movant as Lead Plaintiff..................................................... 5

        i. Movant filed a timely motion and is willing to serve as Lead Plaintiff............... 6

        ii. Movant has the largest financial interest in the relief sought by the Class. ......... 6

        iii. Movant satisfies the Rule 23 requirements of typicality and adequacy............... 8

            a) Movant's claims are typical of the claims of the Class. ............................. 8

            b) Movant is an adequate representative for the Class.................................... 9

    C. Nothing rebuts Movant's presumptive lead status. .................................................... 10

    D. Movant's choice of counsel should be approved. ..................................................... 11

V. CONCLUSION................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Basic, Inc. v. Levinson,*
   485 U.S. 224 (1988) ............................................................................................................. 11

*Bo Young Cha v. Kinross Gold Corp.*,
   No. 12 Civ. 1203 (PAE), 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ............................... 6, 7

*Chahal v. Credit Suisse Grp. AG,*
   No. 18-cv-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018),
   *objections overruled sub nom. Chahal v. Credit Suisse Grp. AG,* No. 18-cv-2268 (AT)(SN),
   2018 WL 6803377 (S.D.N.Y. Aug. 27, 2018) ....................................................................... 10

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005) ............................................................................................................... 7

*Glauser v. EVCI Ctr. Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................................................ 9

*Hom v. Vale, S.A.,*
   No. 1:15-cv-9539 (GHW), 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ................................. 7

*In re Aratana Therapeutics Inc. Sec. Litig.,*
   No. 17-cv-1446 (PAE), 2017 WL 2491494 (S.D.N.Y. June 6, 2017) ..................................... 9

*In re Braskem S.A. Sec. Litig.,*
   No. 15-cv-5132 (PAE), 2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015) .................................... 4

*In re Gen. Elec. Sec. Litig.,*
   No. 09-cv-1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...................................... 5

*In re Hebron Tech. Co., Ltd. Sec. Litig.,*
   No. 20-cv-4420 (PAE), 2020 WL 5548856 (S.D.N.Y. Sept. 16, 2020) ............................. 8, 10

*In re Initial Public Offering Sec. Litig.,*
   227 F.R.D. 65 (S.D.N.Y.2004),
   *rev'd on other grounds*, 471 F.3d 24 (2d Cir. 2006) ............................................................. 11

*In re Millennial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015) ................................................................................... 5, 7

*In re Petrobras Sec. Litig.,*
   104 F. Supp. 3d 618 (S.D.N.Y. 2015) .................................................................................... 9

*In re SLM Corp. Securities Litig.*,
   No. 08-cv-1029 (WHP), 2012 WL 209095 (S.D.N.Y. Jan. 24, 2012) .................................. 11

*Lax v. First Merchants Acceptance Corp.*
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .................................................... 7

*Logan v. QRx Pharma Ltd.,*
   No. 15-cv-4868 (PAE), 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015) ................................ 11

*Perez v. HEXO Corp.*,
   No. 19 CIV. 10965 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020),
   *reconsideration denied sub nom. In re HEXO Corp. Securities Litig.*, 19 CIV. 10965 (NRB),
   2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) .......................................................................... 9

*Prefontaine v. Research in Motion Ltd.*,
   No. 11-cv-4068 (RJS), 2012 WL 104770 (S.D.N.Y. Jan. 5, 2012) ......................................... 11

*Schaffer v. Horizon Pharma Plc*,
   No. 16 Civ. 1763 (JMF), 2016 WL 3566238 (S.D.N.Y. June 27, 2016) ................................. 10

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) .............................................................................................. 8

*Woburn Ret. System v. Salix Pharm., Ltd.*,
   No. 14-cv-8925 (KMW), 2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ................................ 11

**Other Authorities**

15 U.S.C. § 78u-4(a)(3)(A) .................................................................................................... 4, 6

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................. passim

Fed. R. Civ. P. 23(a)(4) ................................................................................................................ 8

Fed. R. Civ. P. 42(a) .......................................................................................................... 1, 2, 4

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Federal Rule of Civil Procedure ("Rule") 42(a), movant Tim Kaintz ("Movant") respectfully submits this Memorandum of Law in support of his motion for an Order: (1) consolidating the above-captioned related securities class actions; (2) appointing Movant as Lead Plaintiff on behalf of a Class consisting of all persons and entities who purchased or otherwise acquired securities of DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp. ("DEAC", "DraftKings" or the "Company") between December 23, 2019 and June 15, 2021, inclusive (the "Class Period"); and (3) approving Movant's selection of Roche Freedman LLP ("Roche Freedman") as Lead Counsel for the Class.

## I.  PRELIMINARY STATEMENT

There are two securities class actions pending before this Court against DraftKings alleging that DraftKings, Jason D. Robins, Jason K. Park, Jeff Sagansky and Eli Baker (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 (the "Related Actions").[1] Under the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).[2] As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

---

[1] The Related Actions are: (1) *Kent J. Rodriguez v. DraftKings Inc., et al.*, No. 1:21-cv-05739 ("*Rodriguez*"), filed on July 2, 2021, on behalf of all investors who purchased or otherwise acquired DraftKings securities between December 23, 2019 and June 15, 2021, inclusive; and (2) *Michiel Ten Hoorn v. DraftKings Inc., et al.*, No. 1:21-cv-06497, ("*Hoorn*"), filed on July 30, 2021, on behalf of all investors who purchased or otherwise acquired Aterian securities between December 23, 2019 and June 15, 2021, inclusive. For the purposes of this motion, references to ¶ are to the Complaint for Violations of the Federal Securities Laws filed in *Rodriguez*, ECF No. 1.

[2] Unless otherwise noted, all emphasis has been added and internal citations have been omitted.

After deciding consolidation, the Court must appoint the movant it "determines to be most capable of adequately representing the interests of class members" as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii). In making that determination, the PSLRA creates a presumption that "the most adequate plaintiff" is the person with "the largest financial interest" and who "otherwise satisfies the requirements of Rule 23 . . ." *Id.*

Movant believes he has the largest financial interest in the outcome of this litigation because, during the Class Period, he (1) purchased 3,006,838 shares of DraftKings common stock ("Stock") and 14,589 DraftKings common stock options ("Options"); (2) retained 100,001 net Stock; (3) expended $175,002,301 net funds on Stock and $20,998 on Options; and (4) lost approximately $2,242,155 due to the alleged fraud. *See* Declaration of Velvel (Devin) Freedman ("Freedman Decl."), Exes. A-B. Moreover, Movant satisfies the Rule 23 requirements because his claims are typical of the Class's claims, and he will fairly and adequately represent the Class's interests. *See id.* at Exes. A-C. In addition, Movant's selection of Roche Freedman to serve as Lead Counsel should be approved because the Firm possesses extensive experience and expertise in securities fraud and other class actions. *See id.* at Ex. D. Accordingly, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; and (3) approve Roche Freedman as Lead Counsel for the Class.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Related Actions should be consolidated pursuant to Rule 42(a);

2. Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve Movant's selection of Roche Freedman as Lead Counsel for the proposed Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.     FACTUAL BACKGROUND

DraftKings, a digital sports entertainment and gaming company in the U.S., operates through two segments, Business-to-Consumer and Business-to-Business. ¶2. The Business-to-Consumer segment provides users with daily sports, sports betting, and iGaming opportunities while the Business-to-Business segment is involved in the design, development, and licensing of sports betting and casino gaming software for online and retail sportsbook and casino gaming businesses. *Id*. The Company distributes its product offerings through various channels, including traditional websites, direct app downloads, and direct-to-consumer digital platforms. *Id*.

On April 23, 2020, DEAC (a special purpose acquisition company, "SPAC") consummated transactions whereby (i) DEAC merged into the Company, the Company survived the merger and became the successor issuer to DEAC, (ii) the Company changed its name to "DraftKings Inc.," (iii) the Company acquired DraftKings Inc., a Delaware corporation ("Old DK"), and (iv) the Company acquired all of the issued and outstanding share capital of SBTech (Global) Limited ("SBTech"). *Id*. Upon consummation of the preceding transactions, Old DK and SBTech became wholly owned subsidiaries of the Company. *Id*.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) SBTech had a history of unlawful operations; (ii) as a result, DraftKings' merger with SBTech exposed the Company to dealings in black-market gaming; (iii) the foregoing merger increased the Company's regulatory and criminal risks with respect to these transactions; (iv) as a result of all the foregoing, the Company's revenues were, in part, derived from unlawful conduct and thus unsustainable; (v)

3

accordingly, the benefits of the Business Combination were overstated; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id*.

On June 15, 2021, Hindenburg Research ("Hindenburg") published a report alleging that the Company's merger with SBTech exposed DraftKings to dealings in black-market gaming. ¶4. Citing "conversations with multiple former employees, a review of SEC and international filings, and inspection of back-end infrastructure at illicit international gaming websites," Hindenburg alleged that "SBTech has a long and ongoing record of operating in black markets," estimating that 50% of SBTech's revenue is from markets where gambling is banned." *Id*. Following publication of the Hindenburg report, DraftKings' stock price fell $2.11 per share, or 4.17%, to close at $48.51 per share on June 15, 2021. ¶6.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. ¶7.

## IV. ARGUMENT

### A. The Related Actions should be consolidated.

The PSLRA contemplates consolidation where "more than on action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). Under Rule 42(a), consolidation of related cases is proper where, as here, the actions "involve a common question of law or fact," such that consolidation would avoid unnecessary cost, delay, and overlap in adjudication. Fed. R. Civ. P. 42(a); *In re Braskem S.A. Sec. Litig.,* No. 15-cv-5132 (PAE), 2015 WL 5244735, at *3 (S.D.N.Y. Sept. 8, 2015).

"Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law and the differences

4

do not outweigh the interest of judicial economy served by consolidation." *In re Gen. Elec. Sec. Litig.*, No. 09-cv-1951 (DC), 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009). In deciding whether to consolidate related cases, "[a] judge must balance the gains in judicial efficiency with any threats of prejudice and confusion." *Id.*

The Related Actions at issue here present nearly identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants. *See generally Tate*, ECF No. 1 and *Coon*, ECF No. 1. Thus, consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little to no risk of prejudice to the parties from consolidation. Accordingly, the Related Actions should be consolidated.

### B. The Court should appoint Movant as Lead Plaintiff.

Motions for appointment of lead plaintiff and approval of lead counsel in putative class actions brought under the securities laws are governed by the PSLRA. *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 569 (S.D.N.Y. 2015) (Engelmayer, J.).

The PSLRA directs the Court to appoint as lead plaintiff the party or parties "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person that: (1) has "made a motion in response to a notice"; (2) has the "largest financial interest in the relief sought by the class"; and (3) "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).

The presumption may be rebutted only upon "proof" that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §

5

78u-4(a)(3)(B)(iii)(II). As set forth below, Movant has (1) timely filed a motion to be appointed lead plaintiff, (2) has suffered a $2,242,155 loss which constitutes largest financial interest in the litigation, and (3) satisfies the "pertinent" factors of Rule 23's class certification requirements: "adequacy and typicality." *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012) (Englemayer, J.). Movant is therefore entitled to the PSLRA's presumption that he is the most adequate plaintiff to represent the class. Moreover, there are no unique defenses Defendants could raise against him that would rebut the PSLRA's presumption. Thus, Movant should be appointed Lead Plaintiff in the Consolidated Action.

### i. Movant filed a timely motion and is willing to serve as Lead Plaintiff.

Within 20 days of the first-filed *Rodriguez* complaint (*i.e.* on July 2, 2021), Plaintiff Rodriguez published the required notice through *Globe Newswire*, a widely circulated national business-oriented wire service. 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* Freedman Decl., Ex. E. Movant timely filed his motion within the next 60 days (*i.e.,* by August 31, 2021). 15 U.S.C. § 78u-4(a)(3)(A)(i). Movant has filed herewith a PSLRA certification and declaration attesting that he is willing to serve as Lead Plaintiff of the Class and remains willing to provide testimony at deposition and trial, if necessary. *See* Freedman Decl. Exes. A, C. Accordingly, Movant has satisfied the first requirement to serve as Lead Plaintiff of the Class.

### ii. Movant has the largest financial interest in the relief sought by the Class.

As demonstrated herein, Movant has suffered a $2,242,155 loss which constitutes the largest financial interest in the relief sought by the Class. He is therefore entitled to the PSLRA's "rebuttable presumption" that he is "the most adequate" to serve as Lead Plaintiff.

To determine who has the largest financial stake in the litigation, courts in this Circuit typically apply the four-factor test set forth in *Lax v. First Merchants Acceptance Corp.* No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). *See e.g., In re Millennial Media, Inc. Sec. Litig.,*

87 F. Supp. 3d at 569. The "*Lax*" factors are:

> (1) the number of shares purchased during the class period;
>
> (2) the number of net shares purchased during the class period;
>
> (3) the total net funds expended during the class period; and
>
> (4) the approximate losses suffered.[3]

*Id*. "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *Id.* at 569-70 (collecting cases). While courts in this district can employ either FIFO or LIFO when calculating losses, "[t]he overwhelming trend in both this district and nationwide has been to use LIFO to calculate such losses." *Bo Young Cha,* 2012 WL 2025850, at *3 (collecting cases).

Applying the *Lax* factors to Movant, he: (1) purchased 3,006,838 shares of DraftKings Stock and 14,589 Options during the Class Period; (2) retained 100,001 net shares that he purchased during the class period; (3) expended total net funds of $175,002,301 on Stock and $20,998 on Options during the class period; and (4) suffered approximately $2,242,155 in losses due to Defendants' fraud. *See* Freedman Decl., Exes. A-B.[4] Movant, therefore, has a very significant financial interest in the outcome of this litigation. To Movant's knowledge, moreover, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest than him.

---

[3] "The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method." *Hom v. Vale, S.A.,* No. 1:15-cv-9539 (GHW), 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016).

[4] To the extent the Court chooses to consider losses pursuant to *Dura Pharms., Inc. v. Broudo*, Movant has included it in his loss chart. 544 U.S. 336 (2005); *See* Freedman Decl. Ex. B; *see also,*

### iii. Movant satisfies the Rule 23 requirements of typicality and adequacy.

The PSLRA's final requirement is that the Movant "satisfy Rule 23's requirements for class certification: numerosity, commonality, typicality, and adequacy." *In re Hebron Tech. Co., Ltd. Sec. Litig.,* No. 20-cv-4420 (PAE), 2020 WL 5548856, at *5 (S.D.N.Y. Sept. 16, 2020). "At this early stage of litigation, however, only the last two factors—typicality and adequacy—are pertinent." *Id.* As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23.

#### a) Movant's claims are typical of the claims of the Class.

A proposed lead plaintiffs' claims are typical when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010). "The claims of a plaintiff are typical of the class when their claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *In re Hebron*, 2020 WL 5548856, at *5 (*citing In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49–50 (S.D.N.Y. 1998)).

Movant's claims are typical of the claims of the class he proposes to represent. His claims arise from the same alleged conduct by defendants, and he will make the same legal arguments in support of Defendants' liability that other class members would. Further, he purchased all his Shares during the class period and sold them at a multi-million dollar loss. With more specificity, Movant, like the other members of the Class, acquired DraftKings securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby when the truth was revealed. Movant suffered losses similar to those of other Class members, and his losses resulted from Defendants' common course of wrongful conduct.

8

Accordingly, Movant satisfies the typicality requirement. *See In re Aratana Therapeutics Inc. Sec. Litig.,* No. 17-cv-1446 (PAE), 2017 WL 2491494, at *4 (S.D.N.Y. June 6, 2017).

### b) Movant is an adequate representative for the Class.

A lead plaintiff is adequate when they do "not have interests that are antagonistic to the class that [they] seek[] to represent and ha[ve] retained counsel that is capable and qualified to vigorously represent the interests of the class that [they] seek[] to represent." *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006); *see also Perez v. HEXO Corp.*, No. 19 CIV. 10965 (NRB), 2020 WL 905753, at *2 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Securities Litig.*, 19 CIV. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020).

Movant has met the requirements under Rule 23(a)(4). *See* Freedman Decl., Exes. A-D. He has no interests that are "antagonistic" to the class. *Glauser*, 236 F.R.D. at 189. He has a "sufficient interest in the outcome to ensure vigorous advocacy on behalf of the class" indeed he's lost millions of dollars due to Defendants' fraud. *In re Petrobras Sec. Litig.,* 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015). And he's retained Roche Freedman LLP, experienced and qualified lead counsel to represent the class. Freedman Decl., at Ex. D.

Movant is 53 years old, residing in the state of Washington, and is currently working as a real estate developer. *Id.* at Ex. C. Movant has been investing for more than 25 years. *Id.* In addition, as demonstrated *supra*, Movant has significant financial interest in the outcome of the litigation and has no reason to believe that his interests are adverse to those of the other Class members. Movant also understands the responsibilities of a Lead Plaintiff, including his selection of lead counsel, and the overseeing and monitoring of this litigation; and he takes those responsibilities seriously, as demonstrated by his negotiation of a cap on attorneys' fees of less

than the standard 33.3%. *See id.* at Ex. C. In sum, Movant is an adequate representative for the Class. *See Chahal v. Credit Suisse Grp. AG,* No. 18-cv-02268 (AT)(SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018), *objections overruled sub nom. Chahal v. Credit Suisse Grp. AG,* No. 18-cv-2268 (AT)(SN), 2018 WL 6803377 (S.D.N.Y. Aug. 27, 2018).

Accordingly, at this stage of the proceedings, Movant has met all requirements for entitlement to the PSLRA's rebuttable presumption. Movant has timely filed his motion, has (as far as he's aware) sustained the largest loss from Defendants' wrongdoing, and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23. Thus, Movant is entitled to a presumption that he is "the most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II).

### C. Nothing rebuts Movant's presumptive lead status.

Because Movant "has the largest financial interest in the case and satisfies the PSLRA's preliminary Rule 23 analysis, he's entitled to presumptive lead status." *In re Hebron,* 2020 WL 5548856, at *6. That presumption sticks unless it is rebutted. Specifically, "to rebut the presumption in favor of the movant with the greatest financial loss, there must be 'proof' of a non-speculative risk that the movant will not be adequate." *Schaffer v. Horizon Pharma Plc*, No. 16 Civ. 1763 (JMF), 2016 WL 3566238, at *2 (S.D.N.Y. June 27, 2016).

No such circumstances exist with regard to Movant. While he purchased and sold significant amounts of the Stock and traded some options during the Class Period, he has specifically sworn that his purchases were made "based on my analysis of the stock." Freedman Decl., Ex. C, ¶2. Moreover, speculation about the presumptive most adequate plaintiff's investment strategy or patterns are not sufficient proof to rebut the PSLRA's presumption. *See, e.g., In re SLM Corp. Securities Litig.*, No. 08-cv-1029 (WHP), 2012 WL 209095, at *10

(S.D.N.Y. Jan. 24, 2012) ("Investors who traded in both options and common stock have repeatedly been found to be typical and adequate representatives of common stock purchasers."); *Prefontaine v. Research in Motion Ltd.*, No. 11-cv-4068 (RJS), 2012 WL 104770, at *4 (S.D.N.Y. Jan. 5, 2012) ("[T]he prevailing view in this Circuit is that 'day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a securities class does not create intra-class conflicts.'") (quoting *In re Initial Public Offering Sec. Litig.*, 227 F.R.D. 65, 108 (S.D.N.Y.2004), *rev'd on other grounds*, 471 F.3d 24 (2d Cir. 2006)); *Woburn Ret. System v. Salix Pharm., Ltd.*, No. 14-cv-8925 (KMW), 2015 WL 1311073, at *7 (S.D.N.Y. Mar. 23, 2015) ("Investment strategies intended to mitigate risk do not render a movant atypical or inadequate."); *see also Basic, Inc. v. Levinson*, 485 U.S. 224, 246–47, 108 S. Ct. 978, 99 L.Ed.2d 194 (1988) ("[I]t has been noted that it is hard to imagine that there ever is a buyer or seller who does not rely on market integrity. Who would knowingly roll the dice in a crooked craps game?"). Consequently, Movant should be appointed Lead Plaintiff.

### D. **Movant's choice of counsel should be approved.**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff may select and retain counsel to represent the class, subject to the Court's approval. "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Logan v. QRx Pharma Ltd.*, No. 15-cv-4868 (PAE), 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015).

The record confirms Movant's selection of counsel should be approved. Roche Freedman is qualified, experienced, and capable of effectively prosecuting this Action on behalf of Movant and the Class. *See* Freedman Decl., Ex. D; *see also* Opinion & Order, *In re Qutoutiao Inc. Securities Litigation,* No. 1:20-cv-06707 (SHS) (S.D.N.Y. Nov. 4, 2020), ECF No. 22 (in appointing Roche Freedman to serve as sole lead counsel in the securities class action, the Court

found "its attorneys appear appropriately 'qualified, experienced, and generally able to conduct the litigation.'").

In addition to its appointment as Lead Counsel in *In re Qutoutiao Inc. Securities Litigation*, Roche Freedman was appointed, and is serving, as Lead Counsel in the following securities fraud class actions: *Carl D. Cachia v. Bellus Health Inc. et al.,* No. 1:21-cv-02278 (S.D.N.Y.); *In re Renewable Energy Grp. Sec. Litig.*, No. 1:21-cv-01832 (S.D.N.Y.); *In re Qiwi Plc Securities Litigation*, No. 1:20-cv-06054 (E.D.N.Y.); *Chapman v. Fennec Pharma Inc. et al.,* No. 1:20-cv-812 (M.D.N.C.); *Garcia v. J2 Global, Inc. et al.,* No. 2:20-cv-06096 (C.D. Cal.); *In re Sona Nanotech, Inc. Securities Litigation*, No. 2:20-cv-11405 (C.D. Cal.); and *D'Arcy v. Sequential Brands Group, Inc. et al.*, No. 2:21-cv-02305 (C.D. Cal.). Roche Freedman has also been appointed, and is serving, as Co-Lead Counsel in the following securities fraud class action cases: *Clifford et al. v. Tron Found. et al.,* No. 1:20-cv-02804 (S.D.N.Y.); *Lee et al. v. Binance et al.*, No. 1:20-cv-02803 (S.D.N.Y.); *Williams v. KuCoin et al.*, No. 1:20-cv-02806 (S.D.N.Y.); *Lowry v. RTI Surgical Holdings, Inc. et al.*, No. 1:20-cv-01939 (N.D. Ill.); and *Hartel v. Geo Group, Inc. et al.,* No. 9:20-cv-81063 (S.D. Fla.).

Moreover, Roche Freedman's attorneys have decades of experience in complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Freedman Decl., Ex. D. The Firm's attorneys have previously been appointed in lead counsel positions in securities class actions and/or have clerked for federal judges sitting in the Southern District of New York, Northern District of California, Eastern District of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, District of Connecticut, Second Circuit, Fourth Circuit, Fifth Circuit, Ninth Circuit, and United State Supreme Court. *See id.* Movant respectfully

submits that this wealth of experience and qualifications demonstrates Roche Freedman's ability to provide the highest caliber of representation to the Class.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; (3) approve Movant's selection of Roche Freedman as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

DATED: August 31, 2021  Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman
Constantine P. Economides
Ivy T. Ngo (*pro hac vice* forthcoming)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Emails: vel@rcfllp.com
  ceconomides@rcfllp.com
  ingo@rcfllp.com

*Counsel for Lead Plaintiff Movant Tim Kaintz and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Tim Kaintz*

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on August 31, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman