UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x
KENT J. RODRIGUEZ, Individually and on : Civil Action No. 1:21-cv-05739-PAE
Behalf of All Others Similarly Situated, :
                                         : CLASS ACTION
                   Plaintiff, :
                                             :
     vs. :
                                             :
DRAFTKINGS INC. f/k/a DIAMOND :
EAGLE ACQUISITION CORP., JASON D. :
ROBINS, JASON K. PARK, JEFF :
SAGANSKY, and ELI BAKER, :
                                             :
                   Defendants. :
——————————————————————— x

——————————————————————— x
MICHAEL TEN HOORN, Individually and on : Civil Action No. 1:21-cv-06497-PAE
Behalf of All Others Similarly Situated, :
                                         : CLASS ACTION
                   Plaintiff, :
                                             :
     vs. :
                                             :
DRAFTKINGS INC. f/k/a DIAMOND :
EAGLE ACQUISITION CORP., JASON D. :
ROBINS, JASON K. PARK, JEFF :
SAGANSKY, and ELI BAKER, :
                                             :
                   Defendants. :
——————————————————————— x

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4811-4259-9673.v1

## I.     INTRODUCTION

The above-captioned cases are putative securities class actions on behalf of purchasers of DraftKings Inc. ("DraftKings" or the "Company") securities between December 23, 2019 and June 15, 2021 (the "Class Period") against defendants for purported violations of the Securities Exchange Act of 1934 (the "1934 Act").[1]  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve nearly identical legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Walter Marino respectfully submits that he is the presumptively most adequate plaintiff in this case because he has filed a timely motion in response to a notice, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Marino's  selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

DraftKings operates as a digital sports entertainment and gaming company in the United States.  The Company provides users with daily sports, sports betting, and iGaming opportunities.  It

---

[1]     The Related Actions are *Rodriguez v. DraftKings Inc.*, No. 1:21-cv-05739-PAE and *Ten Hoorn v. DraftKings Inc.*, No. 1:21-cv-06497-PAE.

- 1 -

is also involved in the design, development, and licensing of sports betting and casino gaming platform software for online and retail sportsbook, and casino gaming products.

DraftKings was incorporated in Nevada as DEAC NV Merger Corp., a wholly owned subsidiary of its legal predecessor, Diamond Eagle Acquisition Corp. ("DEAC"), a special purpose acquisition company, or SPAC. On April 23, 2020, DEAC completed a merger (the "SPAC Merger") that resulted in, among other things: (i) DraftKings acquiring all of the issued and outstanding share capital of SBTech (Global) Limited ("SBTech"); and (2) SBTech becoming a wholly owned subsidiary of DraftKings.

The complaints allege that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) SBTech had a history of unlawful operations; (ii) accordingly, DraftKings' merger with SBTech exposed DraftKings to dealings in black-market gaming; (iii) this increased DraftKings' regulatory and criminal risks with respect to these transactions; (iv) as a result, DraftKings' revenues were, in part, derived from unlawful conduct and thus unsustainable; (v) accordingly, the benefits of the SPAC Merger were overstated; and (vi) consequently, DraftKings' public statements were materially false and misleading at all relevant times.

On June 15, 2021, *Hindenburg Research* published a report regarding DraftKings, alleging that DraftKings' merger with SBTech exposed DraftKings to dealings in black-market gaming. Citing "conversations with multiple former employees, a review of [U.S. Securities and Exchange Commission and] international filings, and inspection of back-end infrastructure at illicit international gaming websites," the *Hindenburg* report stated that "SBTech has a long and ongoing record of operating in black markets," estimating that 50% of SBTech's revenue is from markets

- 2 -

4811-4259-9673.v1

where gambling is banned. *Rodriguez*, ECF No. 1 at ¶5; *Ten Hoorn*, ECF No. 1 at ¶5. On this news, DraftKings' share price suffered a decline of over 4%.

As a result of defendants' wrongful acts and omissions, Mr. Marino and other DraftKings investors have suffered substantial losses.

## III.    ARGUMENT

### A.    This Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the 1934 Act against the same defendants during the same Class Period. Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to the different cases. Thus, consolidation is appropriate here.

### B.    Mr. Marino Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on July 2, 2021. *See* Declaration of David A.

- 3 -

Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Marino meets these requirements and should be appointed Lead Plaintiff.

### 1.    Mr. Marino's Motion Is Timely

The July 2, 2021, statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by August 31, 2021.  *See* Rosenfeld Decl., Ex. A.  Because Mr. Marino's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2.    Mr. Marino Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. Marino purchased 149,058 shares of DraftKings stock during the Class Period (as well as a significant number of options contracts) and suffered approximately $217,456 in losses as a result of defendants' alleged violations of the 1934 Act.  *See* Rosenfeld Decl., Exs. B, C.  To the best of Mr. Marino's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

- 4 -

### 3.    Mr. Marino Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this early stage of litigation, only typicality and adequacy are pertinent. *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at \*2 (S.D.N.Y. May 18, 2015) (Engelmayer, J.).

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

Mr. Marino satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers of DraftKings securities and suffered a loss as a result of defendants' alleged misconduct. Consistent with the PSLRA, Mr. Marino's Certification sets forth his transactions in DraftKings securities during the Class Period. Mr. Marino has not conflated his own financial interest with the DraftKings transactions of any third-party entities in which Mr. Marino may have invested. As such, Mr. Marino has a significant direct interest in the outcome of this Action, ensuring he will vigorously represent the class.

Mr. Marino also satisfies the adequacy requirement. Mr. Marino is a sophisticated investor with extensive business leadership experience. *See* Rosenfeld Decl., Ex. D at ¶1. Mr. Marino is a New-Jersey-based fund manager of a real estate private equity firm. *Id.*. Mr. Marino possesses approximately 15 years of investing experience and has familiarity with hiring and overseeing lawyers. *Id.*. Finally, as further detailed below and in his Declaration, Mr. Marino retained qualified

- 5 -

and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See id.* at ¶6.

Because Mr. Marino filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### C.       The Court Should Approve Mr. Marino's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Marino has selected Robbins Geller to serve as lead counsel in this case.[2]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Lopez*, 2015 WL 2431484, at *3 ("Having reviewed [Robbins Geller's] submissions as to its pertinent background and experience, including its experience litigating securities class actions, the Court finds that it is well qualified to serve as lead counsel."); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by

---

[2]       For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4811-4259-9673.v1

[Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job."); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  And, in 2021, Robbins Geller, as sole lead counsel, has secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).  Robbins Geller attorneys have obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict

- 7 -

for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

As such, Mr. Marino's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Related Actions are virtually identical and should be consolidated.  In addition, Mr. Marino has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Marino respectfully requests that the Court grant his motion.

DATED:  August 31, 2021                Respectfully submitted,

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       SAMUEL H. RUDMAN
                                       DAVID A. ROSENFELD


                                           *s/ David A. Rosenfeld*
                                       DAVID A. ROSENFELD

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4811-4259-9673.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 9 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 31, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
     & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4811-4259-9673.v1

# Mailing Information for a Case 1:21-cv-05739-PAE Rodriguez v. Draftkings Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian T. Frawley**
  Frawleyb@Sullcrom.Com,brian-frawley-1057@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Timothy Jason Weinstein**
  weinsteint@sullcrom.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)