UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT J. RODRIGUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGASKY, and ELI BAKER,<br><br>     Defendants. | Case No. 1:21-cv-005739-PAE<br><br><u>CLASS ACTION</u> |
| MICHIEL TEN HOORN, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGASKY, and ELI BAKER,<br><br>     Defendants. | Case No. 1:21-cv-06497-PAE |

**REPLY IN FURTHER SUPPORT OF TIM KAINTZ'S
MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT
AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF COUNSEL, AND
<u>IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................................ii

INTRODUCTION ......................................................................................................................... 1

ARGUMENT.................................................................................................................................. 1

CONCLUSION............................................................................................................................... 6

i

## TABLE OF AUTHORITIES

**Cases**

*Bhojwani v. Pistiolis*,
  No. 06 Civ. 13761 (CM)(KNF), 2007 WL 9228588 (S.D.N.Y. July 31, 2007) ......................... 4

*Camp v. Qualcomm, Inc.,*
  No. 8:18-cv-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ............................... 4

*In re SLM Corp. Sec. Litig.*,
  No. 08 CIV. 1029 WHP, 2012 WL 209095 (S.D.N.Y. Jan. 24, 2012) ...................................... 2

*In re Solar City Corp. Sec. Litig.*,
  No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ...................................... 2

*In re Vonage Initial Public Officering (IPO) Securities Litigation*,
  No. 07-177 (FLW), 2007 WL 2683636 (D.N.J. Sept. 7, 2007). ................................................ 4

*Karp v. Diebold Nixdorf, Incorporated.*
  No. 19 CIV. 6180 (LAP), 19 Civ. 6514(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 2019) ........ 3

*Khunt v. Alibaba Group Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) ................................................................................. 1, 2

*Li Hong Cheng v. Canada Goose Holdings, Inc*,
  No. 19-CV-8204 (VSB), 2019 WL 6617981 (S.D.N.Y. Dec. 7, 2019) ...................................... 4

*Malriat v. QuantumScape Corp.*,
  Nos. 3:21-CV-00058-WHO, 3:21-CV-00070-WHO, 3:21-CV-00150-WHO,
  2021 WL 1550454 (N.D. Cal. Apr. 20, 2021) .................................................................... 2, 3

*Michoelle v. Opthotech Corp.*
  No. 17-CV-1758 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ................................... 4

*Reitan v. China Mobile Games & Entm't Group, Ltd.*,
  68 F. Supp. 3d 390 (S.D.N.Y. 2014) ..................................................................................... 2

*Tomaszewski v. Trevena, Inc.*,
  383 F. Supp. 3d 409 (E.D. Pa. 2019) ..................................................................................... 3

Movant Tim Kaintz ("Mr. Kaintz") respectfully submits this reply memorandum in further support of his motion for consolidation of the above-captioned related actions, appointment as Lead Plaintiff and approval of his selected counsel, Roche Freedman LLP ("Roche Freedman") as Lead Counsel for the Class ("Motion") (ECF No. 17),[1] and in opposition to competing Lead Plaintiff motions filed by movants Robert Downs ("Mr. Downs") (ECF Nos. 18, 32) and Walter Marino (ECF Nos. 24, 33).

## INTRODUCTION

Over an eight-month period, Mr. Kaintz traded nearly $200 million in DraftKings securities, including over 600 common stock transactions and 50 option transactions. Knowing this trading information was extensive, he hired an expert accountant to prepare a detailed loss chart that is accurate and which he simultaneously submitted to the Court. Nonetheless, in transcribing this data into his loss chart, there was a clerical error. As explained below, and as numerous courts in this District have held, that clerical error does not rebut Mr. Kaintz's adequacy.

## ARGUMENT

Mr. Kaintz responds to two factually and legally incorrect arguments raised by the competing movants. First, the movants suggest that Mr. Kaintz is atypical or inadequate because of clerical errors in his certification. That argument fails.

"[E]ven if there were an error in the certification . . . minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement." *Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 538–39 (S.D.N.Y. 2015) (collecting cases). "The failure to correct obvious or inconsequential clerical errors, like the ones at issue, simply is

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed in Mr. Kaintz's Memorandum of Law in Support of his Motion. ECF No. 23. Unless otherwise noted, all emphasis has been added, and internal citations and quotations have been omitted.

not the type of adequacy issue that would divert the fact finders' attention from the merits and thus infect the claims of the class as a whole." *Id.* at 539; *see also Reitan v. China Mobile Games & Entm't Group, Ltd.*, 68 F. Supp. 3d 390, 399 (S.D.N.Y. 2014) ("The goal of the PSLRA was not to select individuals for lead plaintiff who make no mistakes—rather it was to promote a client-driven rather than lawyer-driven process—and the statute seeks to do so by favoring institutional investors who suffered the greatest financial losses over other parties."); *In re SLM Corp. Sec. Litig.*, 08 CIV. 1029 WHP, 2012 WL 209095, at *8 (S.D.N.Y. Jan. 24, 2012) ("Courts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties."); *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017) ("Multiple district courts have held that minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement."); *Malriat v. QuantumScape Corp.*, Nos. 3:21-CV-00058-WHO, 3:21-CV-00070-WHO, 3:21-CV-00150-WHO, 2021 WL 1550454, at *5 (N.D. Cal. Apr. 20, 2021) ("Even if there were some technical violation, courts generally do not find that immaterial or clerical mistakes render a movant inadequate without more.").While there was a slight clerical error in Mr. Kaintz's certification, his loss chart (which was also submitted with his motion) was prepared by an expert accountant and is accurate. *See* Declaration of Kate Kowalewski, CPA. That loss chart provided the Court and competing movants with every detail about Mr. Kaintz's trading in DrafKings' securities. Taking the initiative to hire an accountant in a case like this demonstrates Mr. Kaintz's careful, responsible, and professional approach to this litigation. Mr. Kaintz traded nearly $200 million in DraftKings's securities over an eight-month period. (ECF No. 21-2 at 3-19). He had over 600 common stock transactions and 50 option transactions.  (*Id.*). Aware that such transactions can be extremely complicated, Mr. Kaintz hired (at great expense) an expert

2

accountant to review his trades and prepare an accurate loss chart. Unfortunately, a clerical error occurred in transcribing the numerous transactions from the accountant's loss chart into Mr. Kaintz's certification, which mis-transcribed a handful of share amounts and prices and missed the options and some common stock transactions. Mr. Kuntz's amended certification (ECF No. 36) corrects those errors and was filed shortly after the error was noticed.

Furthermore, the cases cited by Mr. Downs and Mr. Marino are distinguishable. Unlike the movant in *In re Boeing Company Aircraft Securities Litigation*, there is nothing to suggest that Mr. Kaintz's "submitted information in support [of his] application as lead plaintiff [he] **knew** was inaccurate." No. 19-cv-02394, 2020 WL 476658, at *5 (N.D. Ill. Jan. 28, 2020). Moreover, the court in *Plaut v. Goldman Sachs, Group, Inc*, did not find the movant inadequate solely because there were errors in his certification; rather, the errors were compounded by "gamesmanship in which [the movant] and its counsel" had engaged. No. 18-CV-12084 (VSB), 2019 WL 4512774, at * 5 (S.D.N.Y. Sept. 19, 2019) (declining to appoint movant whose counsel engaged in gamesmanship by filing an amended complaint to expand the class period). Here, neither Mr. Kaintz nor his counsel have engaged in any gamesmanship.

Similarly, errors in the original submission were only one factor in the court's decision in *Karp v. Diebold Nixdorf, Incorporated*. No. 19 CIV. 6180(LAP), 19 Civ. 6514(LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 2019). Unlike the movant in *Karp*, Mr. Kaintz did not submit an exaggerated loss total. *Id.*; *see also Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (declining to appoint movant as lead plaintiff because, among other things, the movant overstated his total losses). To the contrary—and as elaborated below—the loss total submitted by Mr. Kaintz is 100% accurate. Unlike the movant in *Li Hong Cheng v. Canada Goose Holdings, Inc*, moreover, Mr. Kaintz did not withhold material information from the court or the

3

other parties. No. 19-CV-8204 (VSB), 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 7, 2019) ("The certification submitted by Hulaj with his original papers 'erroneously omitt[ed] to disclose that Hulaj previously sought appointment in [a prior] action.'"). Nor has Mr. Kaintz shown carelessness by repeatedly failing to provide accurate data. *See Bhojwani v. Pistiolis*, No. 06 Civ. 13761 (CM)(KNF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (finding that the movant was inadequate to serve as a lead plaintiff because despite repeated corrective filings, "the data still did not quite add up."). Rather, the fact that Mr. Kaintz hired an expert accountant to provide accurate data to the court and the competing movants shows that Mr. Kaintz is careful. Mr. Kaintz's initiative to hire an expert accountant also underscores his reliability as a lead plaintiff, unlike the movant in *Camp v. Qualcomm, Inc.,* who certified he had reviewed the complaint and authorized its filing, even though no complaint was filed in his name. No. 8:18-cv-1208-AJB-BLM, 2019 WL 277360, at *3-*4 (S.D. Cal. Jan. 22, 2019).[2]

Finally, in *Michoelle v. Opthotech Corp.*, the court found unexplained, unresolved issues with the trades and loss calculations. 17-CV-1758 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) (finding that "several [trade] dates listed are weekends, and the prices he claims to have paid do not fall within the high and low range listed"). Here, Mr. Kaintz has submitted an accurate Loss Chart and addressed the clerical errors from his certification. Thus, Mr. Kaintz has the largest loss and has satisfied the Rule 23 factors.

Second, the movants suggest that three transactions on the Loss Chart were incorrectly classified as purchases, rather than sales. *See* [ECF No. 21-2 at 4, 7, 13 (Lines 122, 211, 484)].

---

[2] Mr. Downs' reliance on *In re Vonage Initial Public Officering (IPO) Securities Litigation* is misplaced. The court relegated the discussion of the errors in the applicant's initial certification to a footnote and did not discuss whether the errors played any role in the court's determination about the applicants adequacy to serve as lead plaintiff. No. 07-177 (FLW), 2007 WL 2683636, at *8 n.8 (D.N.J. Sept. 7, 2007).

Not so. The transactions were properly calculated, and the total loss provided to the Court is accurate. *See* Kowalewski Declaration, attached hereto, ¶¶ 7-10. The only issue is that an excel spreadsheet downloaded from Mr. Kaintz's brokerage account automatically populated the word "sold" instead of "bought" in the transaction type. *Id.* ¶ 9. The excel spreadsheet, as well as the monthly brokerage statements, correctly set forth the quantities, amounts, and dates of the transactions, and that information confirms that the transactions were purchases (notwithstanding the brokerage excel sheet using the term "sold" instead of "bought"). *See id.* ¶¶ 8-10. Thus, the Loss Chart is accurate, Mr. Kaintz is the movant with the largest loss and is adequate to represent the class in this action. *See* [ECF No. 21-2].

**CONCLUSION**

For the foregoing reasons, Mr. Kaintz is the presumptive lead plaintiff, and the presumption

has not been rebutted. Accordingly, he respectfully requests the Court appoint him as lead plaintiff,

approve his selection of Roche Freedman as lead counsel, and deny all competing motions.

DATED: September 17, 2021                    Respectfully Submitted,

                                             **ROCHE FREEDMAN LLP**

                                             */s/ Constantine P. Economides*
                                             Constantine P. Economides
                                             Velvel (Devin) Freedman
                                             Ivy T. Ngo (*pro hac vice* forthcoming)
                                             1 SE 3rd Ave., Suite 1250
                                             Miami, Florida 33131
                                             Telephone: (786) 924-2900
                                             Emails: ceconomides@rochefreedman.com
                                                     vel@rochefreedman.com
                                                     ingo@rochefreedman.com

                                             *Counsel for Lead Plaintiff Movant Tim Kaintz and*
                                             *Proposed Lead Counsel for the Class*

                                             **THE SCHALL LAW FIRM**
                                             Brian Schall (*pro hac vice* forthcoming)
                                             1880 Century Park East, Suite 404
                                             Los Angeles, CA 90067
                                             Telephone: (424) 303-1964
                                             Email: brian@schallfirm.com

                                             *Additional Counsel for Lead Plaintiff Movant*
                                             *Tim Kaintz*

6

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on September 17, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

_/s/ Constantine P. Economides_
Constantine P. Economides

# DECLARATION OF CATHERINE J. KOWALEWSKI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT J. RODRIGUEZ, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-005739-PAE |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGASKY, and ELI BAKER, | |
| Defendants. | |
| MICHIEL TEN HOORN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-06497-PAE |
| Plaintiff, | |
| v. | |
| DRAFTKINGS INC. f/k/a DIAMOND EAGLE ACQUISITION CORP., JASON D. ROBINS, JASON K. PARK, JEFF SAGASKY, and ELI BAKER, | |
| Defendants. | |

**DECLARATION OF CATHERINE J. KOWALEWSKI IN SUPPORT OF
TIM KAINTZ'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING
<u>LEAD PLAINTIFF MOTIONS</u>**

I, Catherine J. Kowalewski, hereby declare as follows:

1.      I am not a party to this Action. I am a Senior Manager with the accounting firm CBIZ MHM, LLC.  I am a Certified Public Accountant (California and Ohio) and a member of the State Bar of California. In addition, I am a Certified Fraud Examiner and have been awarded the Certified in Financial Forensics credential by the American Institute of Certified Public Accountants. I have over twenty years of professional legal and accounting experience.  If called as a witness, I would and could competently testify to the following facts, which I know to be true of my own personal knowledge.

2.      I make this declaration in support of movant Tim Kaintz's reply in further support of his motion for appointment as lead plaintiff.

3.      Mr. Kaintz's counsel retained me to review Mr. Kaintz's trading records and draft his loss chart, reflecting his transactions and losses in DraftKings securities. I understand this loss chart was filed with the Court as ECF No. 21-2.

4.       I received Mr. Kaintz's trade information in excel format.  I was advised that the data was downloaded directly from Mr. Kaintz's online brokerage account. The electronic information contained the following automatically generated data fields:

- Trade Date
- Transaction ID
- Description
- Quantity
- Symbol
- Price per Share/ Unit
- Commission
- Transaction Amount
- Registration Fee

5.      I initially separated out the option trading information from the stock trading information.

6.       Next, I used the "transaction amount" as a basis to determine the characteristics of the stock trades (*i.e.* whether it was a purchase or sale).  I classified the cash outflows as purchase transactions and the cash inflows as sales transactions.

7.       I understand that competing movants have raised questions about three specific transactions in the Schedule B of Mr. Kaintz's Loss Chart, specifically the transactions on lines 122, 211, and 484. *See* ECF No. 21-2 at 4, 7, 13. These transactions related to 49,700 shares of DraftsKings stock.  The "transaction type" for all three transactions state the transactions are "sales"; however, I have purposefully and **accurately** classified them as purchases for the purposes of Mr. Kaintz's loss calculation.

8.       I have reviewed Mr. Kaintz's monthly brokerage statements during the Class Period and compared the transactional amounts per those monthly brokerage statements with the compiled excel spreadsheet downloaded from the brokerage website. The monthly share balances per Schedule B match the monthly share balance per the brokerage statements. Based on my analysis, I confirmed that the Loss Chart accurately reflects the purchase and sales information from Mr. Kaintz's brokerage statements.

9.       The only inconsistency is that the automatically generated information in the excel spreadsheet from the brokerage lists the transaction type for these three transactions as a "sale." The actual transaction amounts in the excel spreadsheet, as well as the monthly brokerage statements, confirm that the transactions were purchases. All three of the transactions appear to be related to the exercise of an option that Mr. Kaintz previously sold.  The proceeds from these sales are reported on Schedule C.  It appears, for reasons I do not know, that the automated system from the brokerage account simply included a "sale" transaction type label for this transaction.

10.       Finally, there can be no doubt these three transactions were purchases because if they were treated as sales, it would mean Mr. Kaintz sold 99,400 more shares than he purchased—

2

an impossibility. When treated as purchases (as shown in the monthly brokerage statements), Mr. Kaintz eventually sold the same number of shares that he purchased.

11.    For the reasons stated above, the loss calculations per Schedule B and the Loss Chart, accurately reflect Mr. Kaintz's trading loss in DraftsKings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of September, 2021, at San Diego, California.

_____

Catherine J. Kowalewski, CPA, JD, CFF, CFE

3

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 15, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Constantine P. Economides*
Constantine P. Economides

4